# CURRENT COURT OF APPEAL CASES--Continued

## No. 558 ·
## MILLER v. STATE

Ohio Appeals, Eighth District, Cuyahoga County
No. 4688. Decided June 11, 1923

This opinion has not been published except in Abstract.

**CONTEMPT OF COURT—Misconduct of counsel in court is contempt, although it does not obstruct justice.**

VICKERY, J.

### Epitomized Opinion

Miller, an attorney, represented plaintiff in a case before Judge T. E. Green of the Cleveland Municipal Court. Just after the court had heard the case and announced judgment, Miller said in the presence of the court: "That judgment is unfair and if I had a stenographer present it would have been different!" The court asked him to withdraw his remarks and apologize. Miller refused and the court assessed a fine of $25 and ordered him committed till the fine was paid. Miller refused a writ of habeas corpus. He prosecuted error to this court on the grounds: (1) Criticism of a judge after termination of a case is not contempt of court, and (2) no charges in writing were filed. The Court of Appeals in affirming the judgment of the trial court held:

1. Proceedings were not ended.

2. Misconduct of a lawyer in presence of the court is a contempt punishable summarily, whether it obstructs justice or not.

3. It is not necessary to file a complaint and give defendant notice of it.

**Attorneys**—Mills, Knight and Miller, for Miller; L. E. Skeel, for State.

## No. 559
## DAYKIN v. DAYKIN

Ohio Appeals, Eighth District, Cuyahoga County
No. 4383. Decided May 14, 1923

This opinion has not been published except in Abstract.

**CONTRACTS—(1) Forbearance to exercise a right, sufficient consideration—(2) Verdict not manifestly against weight of evidence.**

VICKERY, P. J.

### Epitomized Opinion

This was an action for $600 claimed to be due on a contract. The plaintiff, Ralph Daykin, was a nephew of the defendant, Frank Daykin. Ralph's father died leaving a $15,000 trust fund for him, which was drawing interest at the rate of $25.00 per month. Frank, his uncle, being interested in Ralph, entered into a written agreement with Ralph that if he would not draw this interest for a period of two years he would duplicate the sum, which would amount to $600. The contract further provided that in case Ralph did draw this income, or part of it, notwithstanding this it would not void the contract, but he could begin on the 1st of the month next succeeding the month on which the payment was made, and if he left the money there intact for two years he would still be entitled to to the $600. Inasmuch as Frank Daykin did not pay this sum at the end of a certain period, his nephew brought this action. The case was tried before Judge Bebee in the Municipal Court of Cleveland, and resulted in a verdict in favor of the plaintiff in the sum of $600. The evidence disclosed th tathe uncle paid his nephew $600 for a two year period, but did not pay him for the two succeeding. The uncle introduced evidence tending to show that Ralph had drawn $5.00 out of this trust fund shortly after the second two year period had started. However, there was considerable conflict in the evidence on this point. Whereupon the defendant prosecuted error. In affirming the judgment of the lower court, the Court of Appeals held:

1. Inasmuch as there was a forbearance to exercise the right to withdraw the money at any time, there was a sufficient consideration upon which to base the contract.

2. Inasmuch as the verdict was supported by some evidence, it cannot be said that the verdict was manifestly against the weight of the evidence.

**Attorneys**—Smith, Olds & Smith, for Frank Daykin; Thompson, Hine & Flory, for Ralph Daykin.

## No. 560
## JACOBSEN v. COMMITTEE

Ohio Appeals, Eighth District, Cuyahoga County
No. 4779. Decided June 18, 1923

This opinion has not been published except in Abstract

**DISBARMENT PROCEDDINGS—(1) Sec. 1709 GC superseded by amendment to Ohio constitution—(2) Informailities in caption not prejudicial ror—(3) Legality of membership certificate—(Improper exclusion of evidence—(5) Refusal to permit the accused to explain circumstances surrounding transaction—(6) Under GC. 8623 a corrupt or dishonest motive must be shown.**

FARR, J.

### Epitomized Opinion

This was a disbarment proceedings brought against Victor Jacobsen, a Cleveland attorney-at-law. It appeared that in June, 1921, Jacobsen and his associates incorporated a legal service corporation in which the stockholders or contributors were to pay a certain amount per year for legal services. Jacobsen was to act as counsel for this enterprise. It was also claimed that Jacobsen solicited one Bielik to become a member and pay a fee into a corporation and that later Jacobsen charged him $100 for legal services. A committee was appointed by Judge Kramer to draw up charges against Jacobsen and a hearing was had in March, 1923, which resulted in a finding of guilty. Thereupon Jacobsen prosecuted error proceedings in the Court of Appeals. Held:

1. That 1709 GC. does not apply to this case, as the jurisdiction of the Court of Appeals was changed by a constitutional amendment subsequent to the passage of the statute.

2. Informalities in the caption of the case are disregarded and therefore no prejudicial errors could result to either party by reason of the case being heard in an advisory rather than ex parte character.

3. Inasmuch as the trial court left for determination no question about the the legality of the membership certificate or its construction, prejudicial error was committed thereby.

4. As the trial court excluded evidence showing the nature or extent of the services rendered to Bielik, prejudicial error was committed, as this was a vital point at issue.

5. As the court excluded evidence offered by the defendant to explain that procuring members for the corporation, and rendering legal services were entirely separate and distinct, this was also prejudicial error.

6. As a corrupt or dishonest motive was not clearly established, or other evidence showing a moral turpitude, there does not seem to be a sufficient amount of testimony to warrant a conviction.

**Attorneys**—Stephen M. Young, for Jacobsen; Wm H. McMorris, Neil W. McGill and Jesse Seidman, for Committee.